IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER GARDELLA : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-1821 |
| PRODEX INTERNATIONAL, INC. d/b/a : | |
| U.S. PRODUCE EXCHANGE and JAMES : | |
| DEMALO : | |

**SURRICK, J.**                                                                                          **AUGUST 4, 2006**

**MEMORANDUM & ORDER**

Presently before the Court is Defendants Prodex International, Inc. and James DeMalo's Motion To Dismiss Plaintiff's Complaint (Doc. No. 3). For the following reasons Defendants' Motion will be denied as to Counts I, II and IV, and granted as to Count III to the extent that Count III seeks damages for future or unearned wages.

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Swin Res. Sys., Inc. v. Lycoming County*, 883 F.2d 245, 247 (3d Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party. *Rock v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)). The court may dismiss a complaint, "only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations."

*Swin Res. Sys., Inc.*, 883 F.2d at 247.[1]

Defendants contend that Plaintiff's claim for breach of contract is deficient as a matter of law. (Doc. No. 3 at 3.) Count I of the Complaint alleges that Defendant DeMalo entered into an oral agreement with Plaintiff for three years of employment with Defendant Prodex International, Inc. ("Prodex") but that after he accepted the offer, Plaintiff was terminated after less than one year of employment. (Doc. No. 1 at 3-6.) Pennsylvania presumes that all employment is at-will. *Scully v. US WATS, Inc.*, 238 F.3d 497, 505 (3d Cir. 2001). "However, it is merely a presumption, and courts must be careful in protecting a litigant's right to prove that the parties intended a specific employment period." *Id.* In order to overcome the presumption, the plaintiff "must show clear and precise evidence of an oral employment contract for a definite term." *Id. See also Janis v. AMP, Inc.*, 856 A.2d 140, 144 (Pa. Super. Ct. 2004). At this stage of the proceedings, Plaintiff is obligated only to provide "a short and plain statement of the claim

---

[1] Defendants argue in the alternative for summary judgment. (Doc. No. 3 at 1.) Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party is not required to file supporting affidavits "or other similar materials" with its motion. *Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(b). However, the moving party still bears "the initial burden of demonstrating that there are no facts supporting the nonmoving party's legal position." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Here, Defendants refute the facts alleged in the Complaint but offer no evidence in support of their position. Indeed, Defendants have not filed an answer to the Complaint, nor do they indicate what, if any, discovery has actually occurred. "[T]he party moving for summary judgment cannot sustain his burden merely by denying the allegations in the opponent's pleadings." Wright & Miller, Federal Practice & Procedure § 2727. There is no record whatsoever before the Court, and thus Defendants' motion for summary judgment is premature. Accordingly, we address the merits of Defendants' 12(b)(6) motion only. *See, e.g., Marsh v. United States*, 48 F.R.D. 315, 317 (W.D. Va. 1969).

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). The Complaint sets forth a clear basis for its breach of an oral agreement claim, describing the individuals involved, the time the alleged contract was made, the details of the agreement including the duration of the employment position, and the circumstances of the alleged breach. Construing the facts in the Complaint in a light most favorable to Plaintiff, we conclude that Plaintiff's Complaint properly sets forth a claim for breach of contract.

      Defendants argue that Count II of the Complaint, a claim for a breach of the implied covenant of good faith and fair dealing against Prodex, must also be dismissed. Defendants conclude that because Pennsylvania does not recognize a cause of action for breach of an implied employment contract, there can be no breach of the covenant of good faith and fair dealing here where, according to Defendants, Plaintiff has not sufficiently alleged an oral employment agreement. (*Id.* at 8-9.) As discussed above, Defendants are simply wrong. Plaintiff's Complaint alleges a breach of an oral contract by Defendant Prodex. Moreover, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) Contracts § 205; *see also Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 526 (3d Cir. 1996); *Somers v. Somers*, 613 A.2d 1211, 1214 (Pa. Super. Ct. 1992). Accordingly, we will not dismiss Count II of the Complaint.

      According to Defendants, Count III must also be dismissed. Count III sets forth a violation of Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. § 260.1 *et seq.* The relevant portion of WPCL states: "Whenever an employer separates an employee from the payroll, or whenever an employee quits or resigns his employment, the wages

3

or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." 43 Pa. Cons. Stat. § 260.5.  Defendants argue that Count III improperly seeks the payment of Plaintiff's salary due for the remainder of the three years of the alleged employment agreement.  (Doc. No. 3 at 10-11, Doc. No. 1 at 6.)  Indeed, the demand in Plaintiff's Complaint seeks an award "equal to *all* sums owed under the terms of his contract for three years of employment," and Plaintiff states in his Response to Defendants' Motion that Count III seeks "the balance of the monies due under the terms of the three year employment agreement."  (Doc. No. 1 at 8; Doc. No. 7 at 10 (emphasis added).)  The case law is clear that the WPCL "applies only to 'back wages already earned.'" *Allende v. Winter Fruit Distribs., Inc.*, 709 F. Supp. 597, 599 (E.D. Pa. 1989) (internal citations omitted); *Barsky v. Beasley Mezzanine Holdings, LLC*, Civ. No. 04-1303, 2004 WL 1921156, at *2 (E.D. Pa. Aug. 30, 2004); *see also Scully*, 238 F.3d at 516 ("We agree with the general proposition that the WPCL does not give rise to claims for unearned compensation."). Accordingly, to the extent that Count III seeks damages under the WPCL for future or unearned wages, it will be dismissed.

      Defendants move for the dismissal of Count IV, a claim against all Defendants for fraud in the inducement, based on a lack of evidence to support Plaintiff's allegations.  (Doc. No. 3. at 9-10.)  In order to establish a such a claim, Plaintiff must prove the following:  (1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend the representation to induce another to act on it; and (4)

injury must result to the party acting in justifiable reliance on the misrepresentation. *Gibbs v. Ernst*, 647 A.2d 882, 890 (Pa. 1994). In the Complaint, Plaintiff states that DeMalo misrepresented the terms of the oral employment agreement when he spoke with Plaintiff in June 2004, that DeMalo knew that his representations were false but intended for Plaintiff to leave his former employer in order to work for Prodex, that Plaintiff did in fact leave his employer, and that Plaintiff has suffered loss of wages and benefits due to his reliance on DeMalo's statements. (Doc. No. 1 at 3-5, 7-8.) The Federal Rules of Civil Procedure provide that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). However, "Rule 9(b) was not intended to be so strict as to require a plaintiff to know all the details regarding the alleged fraud before fraud may be plead." *Benevento v. LifeUSA Holding, Inc.*, 181 F.R.D. 298, 300 (E.D. Pa. 1998); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) ("Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."). While it remains to be seen whether Plaintiff can provide sufficient evidence to support these allegations upon the completion of discovery, when we construe these allegations in a light most favorable to Plaintiff, we conclude that Plaintiff has established a cognizable claim for fraud.

      Accordingly, Defendant's Motion To Dismiss Plaintiff's Complaint will be denied with respect to Counts I, II, and IV, and granted in part to the extent that Count III seeks damages for future or unearned wages.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER GARDELLA : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-1821 |
| PRODEX INTERNATIONAL, INC. d/b/a : | |
| U.S. PRODUCE EXCHANGE and JAMES : | |
| DEMALO : | |

**ORDER**

AND NOW, this 4th day of August, 2006, upon consideration of Defendants Prodex International, Inc. and James DeMalo's Motion To Dismiss Plaintiff's Complaint (Doc. No. 3), it is ORDERED that Defendants' Motion is DENIED with respect to Counts I, II, and IV of Plaintiff's Complaint. It is FURTHER ORDERED that Defendants' Motion is GRANTED with respect to Count III of Plaintiff's Complaint to the extent that Count III seeks damages for future or unearned wages.

IT IS SO ORDERED.

BY THE COURT:

s/ R. Barclay Surrick
_____
R. Barclay Surrick, Judge