IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER GARDELLA        :
                                           :
                                           :           CIVIL ACTION
             v.                          :
                                           :           NO. 06-CV-1821
                                           :
PRODEX INTERNATIONAL, INC., et al   :

**SURRICK, J.**                                                   **MARCH 5, 2007**

## <u>MEMORANDUM & ORDER</u>

Presently before the Court is the Motion Of Defendants James DeMalo And Prodex International, Inc. To Hold Unifrutti Of America, Inc. In Contempt For Failure To Comply With Subpoena and Compel Compliance With Subpoena (Doc. No. 19).  For the following reasons, the Motion will be granted in part and denied in part.

Plaintiff Christopher Gardella brings this action against his former employer, Prodex International, Inc. ("Prodex") and Prodex's president and owner, James DeMalo, alleging: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) fraud in the inducement, and (4) violation of the Pennsylvania Wage Payment and Collection Law. (Doc. No. 1.)  In support of his claims, Plaintiff alleges that immediately prior to his employment with Defendant Prodex, he was successfully employed as the Director of Business Development of Unifrutti, a competitor of Prodex.  (*Id.* ¶ 10.)  Plaintiff alleges that on or about June 2004, Defendant DeMalo approached him about leaving Unifrutti to take a position with Prodex.  (*Id.* ¶ 11.)  Plaintiff was concerned about leaving his position with Unifrutti, and told DeMalo that he would only accept Prodex's offer if he was guaranteed employment of three years in addition to

other specified benefits.  (*Id.* ¶ 12.)  Plaintiff claims that DeMalo offered to pay him $100,000 per year in salary plus medical benefits, a guaranteed bonus of at least $25,000 annually, and commissions on every crate of fruit sold.  (*Id.* ¶¶ 12-13.)  Plaintiff claims that he accepted DeMalo's offer on these terms in September 2004.  Apparently, the parties never reduced their Agreement to writing.  Plaintiff claims that he was terminated by DeMalo in violation of the Agreement.  (*Id.* ¶¶ 14-15.)  Defendants deny these claims.  (Doc. No. 9.)

On January 23, 2007, Defendants issued a subpoena on Unifrutti to produce certain documents related specifically to Plaintiff's employment with Unifrutti.  (Doc. No. 17.) Defendants claim that Plaintiff's employment history with Unifrutti is relevant because Plaintiff alleges that at the time he was approached by DeMalo, he was successfully employed with Unifrutti and would not have left but for Defendants false representations regarding his new position with them.  (Doc. No. 19.)  Unifrutti responded to Defendants subpoena in writing, objecting to the subpoena pursuant to Fed. R. Civ. P. 45(c)(2)(B) on the grounds that (1) the materials are not relevant or likely to lead to the discovery of admissible evidence, (2) the requests were calculated to harass and annoy Unifrutti, and (3) the requests are unduly burdensome.  Defendant filed the instant motion, asking that Unifrutti be held in contempt for failing to comply with the subpoena, requesting that it be directed to produce the documents, and requesting counsel fees in the amount of $500.  (Doc. No. 19.)  Unifrutti responded by renewing its objection based on the burdensome nature of the subpoena, the lack of relevancy of the items requested, and arguing that Defendants motion should be denied because Defendants failed to comply with Local Rule 26.1(f) by not communicating with Unifrutti about the materials before serving it with this Motion.  Unifrutti has also asked that we award it attorneys' fees in the

amount of $500 for having to defend this Motion.

Before reaching the merits of Defendants Motion to Compel, we address Unifrutti's claim that Defendants' motion should be denied for failure to comply with Local Rule 26.1(f). The Eastern District of Pennsylvania's Local Rule 26.1(f) states: "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Loc. R. Civ. P. 26.1(f). Unifrutti is not a party to this action. Nevertheless, Rule 26.1(f) applies to parties seeking discovery materials from non-parties. *See Mariner Health Care, Inc. v. Indem. Ins. Co. of N. Am., Inc.*, No. Civ. A. 04-MC-00180, 2005 WL 44521, at *2 n.2 (E.D. Pa. Jan. 7, 2005) (noting that "intent of Rule 26.1(f) certainly compels its application" to non-parties). Rule 26.1(f) "imposes a substantial obligation on counsel to resolve discovery problems before bringing them to the attention of the court." *DiSantis v. Kool Vent Aluminum Prods., Inc.*, No. Civ. A. 97-5434, 1998 WL 472753, at *1 (E.D. Pa. Aug. 12, 1998) (denying discovery motion for failure to comply with Rule 26.1(f)). "There must exist such serious differences between counsel that further efforts of negotiation are pointless." *Id.* (citing *Crown Cork & Seal Co. v. Chemed Corp.*, 101 F.R.D. 105, 106 (E.D. Pa. 1984)).

It appears that Defendants did not technically comply with Rule 26.1(f). It also appears that Unifrutti is adamantly opposed to producing any documentation concerning Gardella's employment. Based upon the communication between counsel when the subpoena was initially served and considering Unifrutti's response to this Motion, any effort to resolve this dispute would have been futile. Under the circumstances, rather than prolonging the disagreement, we

will dispose of the Motion on the merits.

Addressing the merits of Defendants' Motion, we conclude that Unifrutti is not in contempt.  Uniftrutti has simply exercised its right to object to the subpoena.  Under Federal Rule of Civil Procedure 34(c), a party seeking to obtain documents from a non-party may do so by issuing a subpoena under Federal Rule of Civil Procedure 45.  *See* Fed. R. Civ. P. 34(c).  The non-party then has 14 days to object to the subpoena in writing.  Fed. R. Civ. P. 45(c)(2)(B).  If a proper objection is made, "the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production."  *Id.*  Because Rule 45(c)(2)(B) permits the objection to the subpoena, the initial objection of a person to a subpoena ordinarily would not provide grounds for contempt.  Moreover, "the court's civil contempt power is a potent weapon to be used with caution and in the court's discretion".  *Barnes Found. v. Twp. of Lower Merion*, No. Civ. A. 96-372, 1997 WL 169442, at *6 (E.D. Pa. Apr. 7, 1997). Objecting to a subpoena does not necessarily constitute a failure to obey the subpoena.  Fed. R. Civ. P. 45(e).

In this case, Defendants served Unifrutti with the subpoena, and Unifrutti timely replied with its objections.  Defendants then moved to hold Unifrutti in contempt for failing to comply with the subpoena.  There is no basis for Defendants' request.  Unifrutti has complied with the Rules and has not failed to obey the subpoena.  We will not hold them in contempt at this juncture.

Defendants also request that we compel Unifrutti to produce the materials requested in the subpoena.  Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed. R.

-4-

Civ. P. 26(b)(1).  "The determination of relevance is within the district court's discretion."

*Barnes Found. v. Twp. of Lower Merion*, No. 96-CV-372, 1996 WL 862451, at *2 (E.D. Pa. Dec.

23, 1996) (internal citations omitted)).  Moreover, Rule 45(c)(2)(B) provides for a motion to

compel in these circumstances.

The relevancy of Gardella's employment record with Unifrutti to this case is obvious.

Gardella's Complaint specifically alleges that he was an outstanding employee of Unifrutti who

was fraudulently induced into leaving Unifrutti for a similar, if not better position, with

Defendants.  Gardella's Complaint sets forth detailed allegations regarding the salary, benefits

and compensation promised by Defendants that were equal, if not better, than those he received

with Unifrutti.  Defendants are contesting Plaintiff's claims.  The documents related to Plaintiff's

employment with Unifrutti are relevant to Defendants' defense.  Defendants' subpoena provides

a detailed list of the materials to be produced, none of which pertain to anything other than

Gardella's employment history with Unifrutti.  (Doc. No. 17.)  We doubt that these documents

are so voluminous as to place an undue burden on Unifrutti.  Unifrutti has provided no basis

upon which to conclude otherwise.  Moreover, although Unifrutti may find the request annoying,

it does not appear that it was made to harass.  For these reasons, Unifrutti is directed to produce

the documents requested in Defendant's January 23, 2007 subpoena.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER GARDELLA | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-CV-1821 |
| | : | |
| PRODEX INTERNATIONAL, INC., et al | : | |

**ORDER**

AND NOW, this ___5th___ day of March, 2007, upon consideration of the Motion of

Defendant James DeMalo And Prodex International, Inc. To Hold Unifrutti of America, Inc. In

Contempt For Failure To Comply With Subpoena And Compel Compliance With Subpoena

(Doc. No 19), and all papers submitted in support thereof and in opposition thereto, it is

ORDERED as follows:

1. Defendants' Motion to hold Unifrutti in Contempt is DENIED.

2. Defendants' Motion to Compel Unifrutti to Comply with the

    subpoena and produce the items listed therein is GRANTED.

    Unifrutti shall produce the listed items within twenty (20) days

    of this Order.

3. The requests for counsel fees are DENIED.

IT IS SO ORDERED.

BY THE COURT:

R. Barclay Surrick, J.